# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**DAVID MATYJASEK**
350 McGoveron Avenue
Washington, PA 15301    **JURY TRIAL DEMANDED**

    Plaintiff,

v.    CASE NO.  2:21-cv-617

**KELLINGTON PROTECTION SERVICES**
4405 Steubenville Pike
Pittsburgh, PA 15205

    Defendant

## CIVIL ACTION COMPLAINT

AND NOW Plaintiff, David Matyjasek, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Family First Corona Response Act ("FFCRA"), Pub. L. No. 116-127, 134 State. 178 (Mar. 18, 2020) have been violated and avers as follows:

### I.   PARTIES

1. Plaintiff, David Matyjasek, hereinafter ("Plaintiff" or "Matyjasek"), is an adult individual residing at 350 McGoveron Avenue, Washington, PA 15301.

2. Defendant, Kellington Protection Services ("Defendant" or "Kellington") owns and operations a location at 4405 Steubenville Pike, Pittsburgh, PA 15205, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II.     JURISDICTION

4. The Complaint alleges that his rights pursuant to the Family First Corona Response Act ("FFCRA"), Pub. L. No. 116-127, 134 State. 178 (Mar. 18, 2020) have been violated.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

## III.     FACTS

7. On or about January 23, 2013, Plaintiff was hired as Director of Operations for Defendant.

8. In March 2020, Plaintiff began experiencing COVID-19 symptoms including a fever of one hundred one (101) degrees.

9. Plaintiff went to his physician's office.

10. Plaintiff's physician advised him to quarantine for fourteen (14) days due to COVID-19 concerns.

11. Plaintiff informed the owner, Aaron Kellington, of his physician's orders to quarantine.

12. A couple days later Plaintiff was contacted by Kellington Vice President, Michelle Cezrneick.

13. Ms. Cezrneick told Plaintiff, "don't be a pussy, come to work."

14. Mr. Kellington informed Plaintiff, "I don't care how sick you are, you need to come back to work or lose your job."

15. Plaintiff informed them that his doctor ordered him to quarantine for fourteen days and inquired if he could use his vacation time or PTO.

    a. At the time Plaintiff had three (3) sick days, three (3) PTO days, and fourteen (14) vacation days.

16. Mr. Kellington told him he could not use vacation time, sick time or PTO.

17. Mr. Kellington further informed Plaintiff, "if you decide to come back; well that's if we have anything for you, you will have to start all over again and receive a 75% pay cut."

18. Defendant illegally terminated Plaintiff on or about March 26, 2020.

## IV. CAUSES OF ACTION

### COUNT I
### FAMILIES FIRST CORONA RESPONSE ACT

19. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

20. At all times relevant hereto, Defendant was engaged in commerce, was in an industry or activity affecting commerce, and each employed at least 50 employees and less than 500 employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

21. Plaintiff had, at all times relevant hereto, been employed by Defendant for at least thirty (30) days making him eligible for leave under the Emergency Paid Sick Leave Act ("EPSLA") component of the FFCRA.

22. The EPSLA requires covered employers to provide sick leave to employees with one of ix qualifying COVID-19 related conditions.  *See* FFCRA §§ 5102, 5110(2).

23. Plaintiff was entitled to 80 hours of paid sick leave because he had been advised by a health are professional to self—quarantine due to concerns related to COVID-19 and

because he experienced symptoms of COVID-19 and sought a medical diagnosis. *Id*. § 5102(a).

24. Plaintiff notified Defendant that he was quarantining due to an EPSLA qualifying reason.

25. Defendant failed to provide Plaintiff with 80 hours of paid sick leave.

26. Defendant's motivation in terminating Plaintiff was causally related to his assertion of EPSLA qualifying leave.

27. As a result of Defendant's violation of the anti-retaliation provisions of the EPSLA and its associated regulations, Plaintiff has suffered damages in the nature of pain and suffering and emotional distress, and is entitled to recovery of actual, compensatory and punitive damages, as well as pre and post-judgement interest, attorneys' fees, costs, and such other compensation and legal remedies, and also including declaratory and injunctive or other equitable relief, as the law allows.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, David Matyjasek, demands judgement in his favor and against Defendant, Kellington Protection Services, in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: <u>May 11, 2021</u>     **LAW OFFICES OF ERIC A. SHAORE, P.C.**

BY: <u>/s/Robert H. Graff, Esq.</u>
Robert H. Graff, Esq., PA ID No. 206233
600 N. Jackson Street, Suite 201
Media, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
robg@ericshore.com
*Attorney for Plaintiff David Matyjasek*